FRANCIS V. BENTLEY.

1. **Promissory Note**: GUARANTOR: JURISDICTION. In an action before a justice of the peace a notice that the plaintiff claimed of the defendant on a promissory note, although the latter was merely guarantor of the note, was *held* to be sufficient.

*Appeal from Winneshiek Circuit Court.*

SATURDAY DECEMBER 7.

THE plaintiff commenced an action before a justice of the peace against W. J. and W. H. Bentley, by serving upon them a notice signed by the justice, as follows:

"You are hereby notified that the above named plaintiff claims of you the sum of forty-four dollars and ninety-two cents, with interest since February 5, 1875, as justly due him from you on a promissory note."

The note which was filed with the justice is as follows:

"$44.92.                                           FEBRUARY 5, 1875.

"For value received, on or before the 1st day of April, 1875, I promise to pay G. F. Francis, or order, forty-four and 92-100 dollars, with interest thereon from this date until paid, at the rate of ten per cent per annum, payable at Decorah.                                     W. J. BENTLEY."

On the back of this note is the following indorsement:

"February 19, 1876. For value received I hereby agree to see the within note paid.                      W. H: BENTLEY."

No petition was filed. Judgment by default was rendered against both maker and guarantor, from which the guarantor alone appealed.

In the Circuit Court the defendant was permitted to answer, which he did as follows: "Defendant says that he never signed, executed, or delivered said note, or that any consideration whatever passed or moved from plaintiff to any person whatever therefor."

The cause coming on for hearing the plaintiff offered in evidence the note and the indorsement thereon. The defendant objected to the evidence as incompetent, as the defendant had not signed the note, and the declaration of plaintiff claims upon the note, and not upon the contract of guaranty. The court overruled the objection, and admitted the note and the indorsement in evidence, to which the defendant excepted.

This being all the evidence introduced, the court rendered judgment for plaintiff for fifty-nine dollars and four cents.

The defendant appeals.

*O. J. Clark*, for appellant.

*E. E. Cooley*, for appellee.

DAY, J.—The defendant claims that the cause of action against W. J. Bentley is upon the note, and that against W. H. Bentley is upon a separate written contract, the contract of guaranty; that the causes of action should be presented in two distinct counts; and that the notice given in the justice's court does not sufficiently apprise the defendant of the cause of action against him. If this suit had been commenced in a court of record the objections of defendant would be well taken; but the technical rules of pleading which prevail in courts of record are not applicable to proceedings in justices' courts. To apply such rules to proceedings in those courts would in a great measure deprive litigants of the benefit of a tribunal which was designed to furnish a cheap and speedy means of determining controversies involving small amounts. Section 3518 of the Code provides that where actions are commenced in a justice's court "no petition need be filed, * * * * but the notice must state the cause of action in general terms, sufficient to apprise the defendant of the nature of the claim against him." The notice in this case comprises with this provision. It advises the defendant generally that a claim is made against him upon a promissory note. The notice does

<span style="font-variant: small-caps">1. PROMISSORY note: guarantor: jurisdiction.</span>

not state that the claim is made against the defendant as the maker of a promissory note. Now, while the claim is really against the defendant as a guarantor, it is still true that, in a certain sense, it is upon a promissory note. The contract is written upon the note, and the introduction of the note, with the contract upon the back, is necessary to make out the plaintiff's case. The production of the guaranty alone would not entitle plaintiff to recover, for from it the extent of the defendant's liability could not be determined. It cannot be reasonably supposed that the defendant was not advised, from this notice, of the real nature of the claim made against him, even without an examination of the note, which was filed with the justice. If he had taken the precaution to examine the note, as he might have done, he could not have remained ignorant of the nature of the claim. In view of the liberal construction which should be placed upon proceedings in justices' courts, we feel clearly of opinion that the judgment is right.

AFFIRMED.